Norman B. OPPENHEIMER, as custodian for Barbara Ann Oppenheimer, et al., Plaintiffs-Appellants,

v.

Harold BERNSTEIN et al., Defendants-Appellees.

No. 543, Docket 74-2223.

United States Court of Appeals, Second Circuit.

Argued March 5, 1975.

Decided March 26, 1975.

Bernard Ulano, New York City, for plaintiffs-appellants.

Mortimer Tover, pro se.

Before FRIENDLY and MANSFIELD, Circuit Judges, and BARTELS, District Judge.*

PER CURIAM:

Upon this appeal from an order of the Southern District of New York, Charles M. Metzner, *Judge*, dismissing the complaint for lack of jurisdiction, counsel for both sides advised the Court at argument that the action remained pending in the district court against certain of the defendants. Accordingly we directed that the appeal be dismissed pursuant to Rule 54(b), F.R.Civ.P., since the order did not terminate the action as to all parties. Following the argument we were informed by the clerk of the district court that the information received by us from counsel was erroneous and that on August 9, 1974, the action was dismissed as to all parties. Thereupon counsel were advised that the dismissal was vacated and the appeal would be considered by us on the merits.

Turning to the merits, although the complaint purports to assert a cause of action under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), it alleges simply a breach of contract for the purchase of shares of stock coupled with the claim that in order to prevent plaintiffs from enforcing their claim for damages Hancock Securities Corp. and its officers fraudulently divested Hancock of its assets. Absent complete diversity of citizenship, federal jurisdiction over the claim does not exist. The order of the district court accordingly is affirmed.

* Of the United States District Court for the Eastern District of New York, sitting by designation.